Slip Op. 13 - 82

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| UNITED STATES, | : | Consol. Court No. 12-00087 |
| Defendant, | : | |
| and | : | |
| VINH HOAN CORPORATION, QVD FOOD CORPORATION, VIETNAM ASSOCIATION OF SEAFOOD EXPORTERS AND PRODUCERS, ANVIFISH JOINT STOCK COMPANY, BIEN DONG SEAFOOD COMPANY LTD., and VINH QUANG FISHERIES CORPORATION, | : | |
| Defendant-Intervenors. | : | |

**OPINION AND ORDER**

[Denying the defendant's motion to strike.]

Dated: June 27, 2013

*Valerie A. Slater*, *Jarrod M. Goldfeder*, and *Nazak Nikakhtar*, Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington DC, for the plaintiffs.

*Ryan Majerus*, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, argued for the defendant. On the brief were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, *Franklin E. White*, *Jr.*, Assistant Director. Of Counsel was *Elika Eftekhari*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce.

Musgrave, Senior Judge:  Subsequent to the filing of Rule 56.2 motions for judgment on this consolidation of actions contesting the seventh final administrative review results *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam*, 77 Fed. Reg. 15039 (Mar. 14, 2012), on April 17, 2013, the plaintiffs docketed papers styled "Notice of Supplemental Authority" ("NSA"), ECF No. 60, calling attention to the final results of the eighth administrative review and aligned ninth new shipper reviews for the 2010-2011 period published by the defendant's same agent International Trade Administration, U.S. Department of Commerce.  Counsel for the defendant moves to strike that document, arguing that the plaintiffs are attempting to introduce new evidence, or supplement the administrative record, without an appropriate motion in this proceeding.  *See* Def's Mot. at 2, referencing *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1277-78 (Fed. Cir. 2012), for the proposition that the exceptions for supplementing the administrative record are limited, & 3, referencing *Peer Bearing Co. v. United States*, 32 CIT 1307, 1310, 587 F. Supp. 2d 1319, 1325 (2008), for the proposition that it is axiomatic that Commerce's determinations and factual findings are based on the particular record of each review.

It is true, as the defendant points out, that the agency's determinations in subsequent reviews were obviously not "before" the agency at the time it made its determinations, *id*. at 3, but it is also true, as the plaintiffs point out, that their NSA does not seek to supplement the administrative record with additional evidence as such, and, indeed, only attempts to alert the court to subsequent administrative authority, not in the form of a "pleading" (supplemental or otherwise) as contemplated by Rules 7(a) or 15(d).  Were the plaintiffs to request that judicial notice be taken

of such authority, the court would still be bound to consider, at the very least, such request. *See*, *e.g.*, *Catfish Farmers of America v. United States*, 37 CIT __, Slip Op. 13-63 (May 23, 2013) at n.9.

The lawfulness of any determination, finding or conclusion is based on the administrative record before the agency at the time it made its determinations. 19 U.S.C. § 1516a(b)(1)(B)(i). That is a "reasonableness" standard of review. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Whatever "reasonableness" is, it is not, of necessity, restricted to the four corners of the administrative record (nor, presumably, is it discerned by reference to the "anything goes" mentality and irresponsibility of this particular day and age). Which is to say that the relevance, if any, of the plaintiffs' proffered NSA to that question remains to be seen, but it is unnecessary that the defendant's motion to strike be granted in order to ensure adherence to the proper standard of judicial review.

That being the case, the motion to strike may be, and hereby is, denied.

**So ordered**.

/s/  R. Kenton Musgrave
R. Kenton Musgrave, Senior Judge

Dated: June 27, 2013
         New York, New York